

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: February 24, 2015.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 11-50950-CAG |
| | § | |
| **Jim R. Ferguson,** | § | |
| | § | |
| DEBTOR. | § | CHAPTER 13 |
| | § | |

**ORDER GRANTING DEBTOR'S MOTION FOR HARDSHIP DISCHARGE
PURSUANT TO 11 U.S.C. § 1328(b) AND FIRST REQUEST FOR ADDITIONAL
ATTORNEY'S FEES (ECF NO. 32)**

On March 17, 2011, Debtor commenced the above–captioned Chapter 13 case. Debtor's Chapter 13 plan was confirmed on May 27, 2011, and Debtor began making plan payments of $340.00 per month. On September 24, 2014, Debtor passed away. After Debtor's death, Debtor's counsel filed this Motion for Hardship Discharge Pursuant to 11 U.S.C. § 1328(b) (ECF No. 32) to which the Trustee Objected (ECF No. 33). The Court held a hearing on the matter on January 22, 2015, and took the matter under advisement.

1

There are no factual disputes in this matter. Debtor's plan was confirmed prior to his death. At the time of his death, Debtor had paid $10,718.77 to unsecured claims. The value of Debtor's non-exempt assets is approximately $14,355.00. The Trustee argues that (i) Federal Rule of Bankruptcy Procedure 1016 does not allow a deceased debtor to move for a hardship discharge and (ii) even if a deceased debtor could move for a hardship discharge, this Debtor does not meet the requirements of 11 U.S.C. § 1328(b).[1]

### A. Under Federal Rule of Bankruptcy Procedure 1016, a deceased debtor may move for a hardship discharge pursuant to § 1328(b).

Federal Rule of Bankruptcy Procedure 1016 ("Rule 1016") provides that upon death or incompetency of the debtor, a Chapter 13 case "may be dismissed or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred." Fed. R. Bankr. P. 1016. Normally, if a debtor dies during the pendency of a Chapter 13 case, the case will be dismissed. *In re Spiser*, 232 B.R. 669, 673–74 (Bankr. N.D. Tex. 1999). This is not because the debtor has died but rather because funding for a Chapter 13 plan is generally based on the debtor's future earnings and after the debtor's death there is nothing left with which to fund the plan. *In re Sheperd*, 490 B.R. 338, 340 (Bankr. N.D. Ind. 2013). Nonetheless, if further administration is possible, the case may proceed and be concluded in the same manner as though the death had not occurred. *Spiser*, 232 B.R. at 673.

Here, the issue is whether a hardship discharge under § 1328(b) constitutes proceeding and concluding a case "in the same manner, so far as possible, as though death . . . had not occurred." Fed. R. Bankr. P. 1016. Deceased debtors cannot convert a Chapter 13 case to Chapter 7, *see generally Spiser*, 232 B.R. 669 (finding "the term 'further administration' implies that the case

---

[1] Unless otherwise noted, all statutory references are to Title 11, U.S.C. *et seq*.

2

would be carried to its normal conclusion with payments to the creditors as provided in the confirmed plan, rather than conversion of the case to Chapter 7") or confirm a Chapter 13 plan, *see* **In re Martinez**, 13-50438-CAG, 2013 WL 6051203, at *1 (Bankr. W.D. Tex. Nov. 15, 2013) (finding that in Chapter 13 only a debtor may propose a plan). The Trustee argues that a hardship discharge is like converting or confirming a plan—not merely proceeding and concluding—and therefore is not allowed under Rule 1016.

Yet, Rule 1016 specifically contemplates that a discharge could be granted in a case where the debtor is deceased because it allows for a case to be "concluded" as though the death has not occurred. **In re Perkins**, 381 B.R. 530, 532 (Bankr. S.D. Ill. 2007). After Debtor's plan was confirmed, had Debtor not died, the case could have been concluded in two ways: (i) Debtor could have made the required plan payments or (ii) Debtor could have applied for a hardship discharge under § 1328(b). **In re Bond**, 36 B.R. 49, 51 (Bankr. E.D. N.C. 1984). It is for this reason that courts continually allow deceased debtors to move for a hardship discharge. *See e.g.* **In re RedWine**, 09-84032-JB, 2011 WL 1116783, at *1 (Bankr. N.D. Ga. Mar. 8, 2011); **In re Graham**, 63 B.R. 95, 96 (Bankr.E.D.Pa.1986); **In re Bevelot**, 2007 WL 4192926, at *2 (Bankr. S.D. Ill. Nov. 21, 2007); **In re Sales**, 2006 WL 2668465, at *2 (Bankr. N.D. Ohio Sept.15, 2006); **In re Perkins**, 381 B.R. at 536-357 ("there is no reason to ignore Bankruptcy Rule 1016 in the Chapter 13 context" specifically contemplating hardship discharge under § 1328).

Therefore, if a plan has been confirmed, a deceased debtor may receive a hardship discharge under § 1328(b) if it is in the best interest of the parties. 8 *Collier on Bankruptcy* ¶ 1016.04 (Alan N. Resnick & Henry J. Sommers, eds., 16th ed. rev. 6/13). A court must determine, based on the facts of each case, whether further administration under Rule 1016 is in the best interest of

3

the parties to the bankruptcy. *In re Perkins*, 381 B.R. at 537. Pursuant Local Rule 9013(c), Debtor's counsel properly noticed all affected parties and only the Trustee objected to Debtor's Motion. Trustee made no assertion as to the best interests of the parties. Given that neither creditors nor the Trustee raised argument as to the best interest of the parties to the bankruptcy, the Court will consider those arguments waived. While the death of a debtor alone does not satisfy the requirements of Rule 1016, Debtor's counsel has asserted that further administration is in the best interests of the parties and no party has controverted this assertion. Therefore, the Court finds that under Rule 1016, Debtor may be granted a hardship discharge, if the requirements of § 1328(b) are met.

**B. Debtor has met the requirements for a hardship discharge under § 1328(b).**

After a plan has been confirmed and after notice and a hearing, a hardship discharge is only available to a debtor if:

1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;

2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and

3) modification of the plan under section 1329 of this title is not practicable.

§ 1328(b).

There is no dispute that Debtor's failure to complete payments was caused by Debtor's death and Debtor should not justly be held accountable for such circumstances. *See In re Miller*, AP 13-CV-03043-REB, 2014 WL 4723881, at *2 (D. Colo. Sept. 23, 2014) (finding that debtor should not be justly accountable for his own death). Additionally, modification is not practicable in this context because the source for payments, the income of the debtor, is no longer available.

4

*Id.* Trustee argues that perhaps life insurance proceeds or another other source of plan payments may be available, and Debtor's counsel should move to modify. In the context of a deceased debtor; however, a modification is never practicable because only a debtor may propose a Chapter 13 plan. *In re Martinez*, 13-50438-CAG, 2013 WL 6051203, at *1. Thus, Debtor meets the first and third requirements of a hardship discharge under § 1328(b).

Trustee also contends that Debtor does not meet the second requirement of § 1328(b). Here, Debtor has made $10,718.77 in plan payments available to unsecured creditors, and the value of Debtor's non-exempt assets is $14,355.00. Therefore, Trustee argues that Debtor has not made payments that equal the amount that would have been paid on each unsecured claim if the estate had been liquidated under Chapter 7. Debtor's counsel concedes that Debtor has paid into the plan $3,636.23 less than the value of Debtor's non-exempt assets, and thus, Debtor would only be eligible for a hardship discharge if the Court considers Chapter 7 administrative expenses.

For the purposes of a hypothetical liquidation, after valuing all assets that would be available in a Chapter 7 case, it is appropriate to deduct the costs of liquidation, including trustee's fees and other administrative expenses. *In re Delbrugge*, 347 B.R. 536, 539 (Bankr. N.D.W. Va. 2006) (citing Keith M. Lundin, *Chapter 13 Bankruptcy* § 160.1, p. 160–18 (3rd ed. 2004)).; *see also* **Jesen v. Dunivent (*In re Dewey*)**, 237 B.R. 783, 788 (10th Cir. BAP 1999) ("the court must consider the amount that would be paid on each allowed unsecured claim if the debtor's estate were liquidated in a hypothetical Chapter 7 case, taking into account the Chapter 7 administrative expenses"); *and see* **Mallon v. Keenan (*In re Keenan*)**, 431 B.R. 308 (B.A.P. 10th Cir. 2009) (finding that a bankruptcy court properly deducted attorney's fees from the

5

hypothetical liquidation value of the Debtors' estate in determining that the best interests of the creditors test).

Here, Debtor's Chapter 13 attorney's fees are $2,700.00 and Debtor's counsel has estimated a hypothetical Chapter 7 liquidation would include approximately $4,100.00 in administrative expenses, including trustee commissions, closing costs, and auctioneer commissions.[2] Therefore, the administrative expenses in a hypothetical Chapter 7 liquidation would be approximately $6,800.00. Thus, the value of Debtor's non-exempt assets ($14,355.00) less the administrative expenses of a hypothetical Chapter 7 liquidation ($6,800.00) is approximately $7,555.00. This means that the value of property actually distributed under the plan to unsecured claims, $10,718.77, is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under Chapter 7. Debtor has therefore met all the requirements for a hardship discharge under § 1328(b).

## CONCLUSION

For the reasons stated herein, the Court finds that pursuant to Rule 1016, Debtor is eligible for a hardship discharge, and that Debtor has met the requirements for a hardship discharge under § 1328(b). Therefore, it is ORDERED that Debtor's Motion for Hardship Discharge Pursuant to 11 U.S.C. § 1328(b) and First Request For Additional Attorney's Fees (ECF No. 32) is GRANTED.

It is FURTHER ORDERED that the Clerk of the Court shall immediately cause notice of the entry of this Order to be served on all other parties in interest in this case in the manner provided in Rule 2002.

---

[2] The Trustee did not dispute any of Debtor's counsel's valuation estimates as to trustee commissions, closing costs, or auctioneer commissions. Further, given that these administrative expenses, coupled with debtor's attorney's fees, exceed the "gap" between non-exempt asset value and plan payments by more than $3,000.00, Debtor's counsel's rough estimates are sufficient to conclude that Debtor has paid in more to unsecured creditors than such creditors would have received in a hypothetical Chapter 7 liquidation.

7

It is FURTHER ORDER that pursuant to Federal Rule of Bankruptcy Procedure 4007(d), creditors have thirty (30) days from entry of this Order to file a complaint to object to dischargeablity of a debt under § 523(a)(6).

It is FURTHER ORDERED that Malaise Law Firm be awarded additional attorney's fees in the amount of $350.00 to be paid directly by the Debtor's daughter as an administrative expense.

# # #